UNITED STATES DISTRICT COURT                    Original Filed by ECF
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NAOMI JOHANNES, individually and on behalf
of her infant grandchildren, SIMONE DOMENICK
and BRANDYN AGUILAR,

                              Plaintiffs,                    08 Civ. 2384 (PAC)(RLE)

              -against-

THE ADMINISTRATION FOR CHILDREN'S
SERVICES, JOHN MATTINGLY, individually
and as Commissioner of the Administration for
Children's Services, BERTINA CAPIUANO,
individually and as the ACS Bronx County Borough
Director, OMO ESERE, individually and as ACS
supervisor, DOROTHY L. BAKER, individually
and as ACS Supervisor, SHARON SIMMONS,
individually and as ACS case worker, THE CATHOLIC
GUARDIAN SOCIETY, the CITY OF NEW YORK
and the STATE OF NEW YORK,
                            Defendants.
------------------------------------------------------------------------x

## DEFENDANT STATE OF NEW YORK'S
## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

ANDREW M. CUOMO
Attorney General of the
 State of New York
<u>Attorney for State Defendant</u>
120 Broadway
New York, New York 10271
(212) 416-8599/8610


AMY L. ABRAMOWITZ
Assistant Attorney General
 <u>of Counsel</u>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

The Family Court Proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT I        PLAINTIFF DOES NOT MEET THE STANDARD
               FOR A PRELIMINARY INJUNCTION . . . . . . . . . . . . . . . . . . . . . . . . . 6

POINT II       THIS COURT LACKS JURISDICTION
               BASED <u>YOUNGER</u> ABSTENTION GROUNDS . . . . . . . . . . . . . . . . . 7

POINT III      PLAINTIFF'S §1983 CLAIMS CANNOT
               BE MAINTAINED AGAINST THE STATE . . . . . . . . . . . . . . . . . . . . . 11

POINT IV       PLAINTIFF'S CLAIMS ARE
               BARRED BY THE ELEVENTH AMENDMENT . . . . . . . . . . . . . . . . . 12

POINT V        THE INJUNCTIVE RELIEF SOUGHT BY
               PLAINTIFF  IS NOT AVAILABLE UNDER § 1983 . . . . . . . . . . . . . . 13

POINT VI       PLAINTIFF'S DAMAGES CLAIMS ARE
               BARRED BY JUDICIAL IMMUNITY . . . . . . . . . . . . . . . . . . . . . . . . . 14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page**

Bhatia v. Conway,
 No. 306 Civ. 1334, 2006 U.S. Dist. LEXIS 91396 (D. CN Dec. 19, 2006) . . . . . . . . . . . . . 13

Bradley v. Fisher,
 13 Wall. 35 (1872) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Brenntag Int't Chems. Inc. v. Bank of India,
 175 F.3d 245 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Christ the King Regional High School v. Culvert,
 815 F.2d 219 (2d Cir.), cert. denied, 484 U.S. 830 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Conway v. Garvey,
 117 Fed. Appx. 792 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Diamond "D"  Construction Corp. v. McGowan,
 282 F.3d 191 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Dube v. State Univ. of New York,
 900 F.2d 587 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Hansel v. Town Court,
 56 F.3d 391 (2d Cir.), cert. denied, 516 U.S. 1012 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Harris v. New York State Dep't of Health,
 202 F. Supp. 2d 143 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Huffman v. Pursue, Ltd.,
 420 U.S. 592 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

Huminsky v. Corsones,
 396 F.3d 53 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

Idaho v. Coeur d'Alene Tribe of Idaho,
 521 U.S. 261 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Kaufman v. Kaye,
 466 F.3d 83 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Kentucky v. Graham,
 473 U.S. 159 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Kirschner v. Klemons,
 225 F.3d 227 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Lomtevas v. Cardozo,
　　No. 05 Civ. 2779, 2006 U.S. Dist. LEXIS 5820 (E.D.N.Y Jan. 31, 2006) . . . . . . . . . . . . . . . 9

Louis Vuitton Malletier v. Dooney & Bourke, Inc.,
　　454 F.3d 108 (2d Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Mazurek v. Armstrong,
　　520 U.S. 968 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Mendez v. Heller,
　　530 F.2d 457 (2d Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Middlesex County Ethics Committee v. Garden State Bar Assoc.,
　　457 U.S. 423 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Mireles v. Waco,
　　502 U.S. 9 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Montero v. Travis,
　　171 F.3d 757 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Moore v. Sims,
　　442 U.S. 415 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

N.Y. State NOW v. Pataki,
　　261 F.3d 156 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Neustein v. Orbach,
　　732 F. Supp. 333 (E.D.N.Y. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Nicholson v. Scoppetta,
　　344 F.3d 154 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,
　　477 U.S. 619 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pennhurst State Sch. & Hosp. v. Halderman,
　　465 U.S. 89 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Pennzoil Co. v. Texaco Inc.,
　　481 U.S. 1 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pierson v. Ray,
　　386 U.S. 547 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Reuters Ltd. v. United Press Int't, Inc.,
　　903 F.2d 904 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

iii

Rodriguez v. DeBuono,
　　　175 F.3d 227 (2d Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Salem v. Pagones,
　　　No. 99 Civ. 2620, 2001 U.S. Dist. LEXIS 3644 (S.D.N.Y. March 7, 2001) . . . . . . . . . 13, 14

Spargo v. N.Y. State Comm'n on Judicial Conduct,
　　　351 F.3d 65 (2d Cir. 2003), cert. denied, 541 U.S. 1085 (2004) . . . . . . . . . . . . . . . . . . . 9, 10

Spencer v. Doe,
　　　139 F.3d 107 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Stump v. Sparkman,
　　　435 U.S. 349 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Temple of the Lost Sheep, Inc. v. Abrams,
　　　930 F.2d 178 (2d Cir.), cert. denied, 534 U.S. 1128 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,
　　　60 F.3d 27 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tucker v. Outwater,
　　　118 F.3d 930 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

University Club v. City of New York,
　　　842 F.2d 37 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Vega v. State Univ. of New York Bd. of Trustees,
　　　No. 97 Civ. 5767, 2000 U.S. Dist. LEXIS 4749 (S.D.N.Y. Apr. 12, 2000), rev'd on
　　　other grounds, 273 F.3d 460 (2d Cir. 2001), cert. denied, 535 U.S. 1097 (2002) . . . . . . . . . 12

Will v. Michigan Dep't of State Police,
　　　491 U.S. 58 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Younger v. Harris,
　　　401 U.S. 37 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 10

**Federal Statutes**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11, 13, 14

**State Statutes**

Article 78 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9, 11
N. Y. Fam. Court Act § 1027 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
N. Y. Fam. Court Act § 1028 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 10, 11

iv

UNITED STATES DISTRICT COURT       Original Filed by ECF
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
NAOMI JOHANNES, individually and on behalf
of her infant grandchildren, SIMONE DOMENICK
and BRANDYN AGUILAR,

        Plaintiffs,    08 Civ. 2384 (PAC)(RLE)

    -against-

THE ADMINISTRATION FOR CHILDREN'S
SERVICES, JOHN MATTINGLY, individually
and as Commissioner of the Administration for
Children's Services, BERTINA CAPIUANO,
individually and as the ACS Bronx County Borough
Director, OMO ESERE, individually and as ACS
supervisor, DOROTHY L. BAKER, individually
and as ACS Supervisor, SHARON SIMMONS,
individually and as ACS case worker, THE CATHOLIC
GUARDIAN SOCIETY, the CITY OF NEW YORK
and the STATE OF NEW YORK,
        Defendants.
-------------------------------------------------------------------------x

## DEFENDANT STATE OF NEW YORK'S
## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### Preliminary Statement

Defendant State of New York ("State") opposes plaintiff's motion for a preliminary

injunction. Plaintiff's action, brought pursuant to 42 U.S.C. § 1983, claims violations of

plaintiff's rights to be free from unlawful searches, denial of substantive and procedural due

process, and denial of equal protection. The basis for plaintiff's claims against the State is her

disagreement with rulings made by one or more Bronx County Family Court judges in a still-

pending Family Court proceeding against plaintiff. No individual Family Court judges or State

officials are named as defendants. Because plaintiff cannot demonstrate irreparable harm and

there is no likelihood that she will prevail against the State on the merits, her motion for a preliminary injunction should be denied.  A more appropriate course would be immediate dismissal of plaintiff's claims against the State.

## Statement of Facts

### The Family Court Proceeding

This action arises from a currently-pending proceeding in the Bronx Family Court based on charges of child neglect against plaintiff Naomi Johannes, involving two infant children (Ms. Johannes' grandchildren), Simone Dominick, age 4, and Brandyn Agular, age 7.   The New York City Administration for Child Protective Services ("ACS") filed a sworn neglect petition dated October 19, 2007 against plaintiff seeking an order removing Simone Domenick, Brandyn Agular and Namer Copeland from plaintiff's custody.[1]  Cplt. ¶ ¶ 28-29 and Cplt. Exhibit A.  The petition alleged that plaintiff "failed to provide the subject children with proper supervision or guardianship, in that . . . . [plaintiff] is exhibiting behavior consistent with Munchausen's Syndrome by Proxy.  The [plaintiff] is inventing symptoms. The situation may escalate (for example giving the child medication that the child does not need) creating a real risk to the safety of the child."  Cplt. ¶ 29, Cplt. Exhibit A at 4. On October 19, 2007, at the preliminary hearing held pursuant to N. Y. Fam. Court Act § 1027, a Family Court judge found imminent risk and removed the subject children.  Certification of Alfredo a Johannes, Esq. In Support of Order to Show Cause For Preliminary Injunction and Temporary Restraining Order, sworn to March 11, 2008 ("A. Johannes Certif.") ¶ 7;  Cplt. ¶¶ 30-31, 87; see also Cplt. Exhibit O.

_____

[1]ACS subsequently withdrew its neglect petition with respect to Namer Copeland. Cplt. ¶ 44, Exhibit G at 5.

Plaintiff requested a hearing pursuant to Section 1028 of the New York Family Court Act ("§ 1028 hearing") for immediate return of the children. Cplt. ¶ 32. The hearing commenced on October 23, 2007, and was continued on October 25, 2007. Cplt. ¶¶ 32, 34, Cplt. Exhibits C, E. On October 29, 2007, the § 1028 hearing was discontinued with the understanding that ACS would explore placement of the children with a family member, Dawn Johannes. Cplt. ¶ 41, Cplt. Exhibit at G at 2-5.[2] On November 19, 2007, ACS reported on the record that placement with Dawn Johannes was no longer an option. Cplt. Exhibit H at 3-5. Plaintiff suggested another family member, Nzinga Adams, a maternal aunt, as a placement option. Cplt. ¶ 46, Cplt. Exhibit H at 6. On November 21, 2007, ACS reported to the court that Nzinga Adams was a viable option. Cplt. Exhibit I at 3-4.

By order to show cause dated November 23, 2007, amended December 3, 2007, plaintiff requested that (1) ACS' neglect petition be dismissed, or in the alternative, that summary judgment be granted, (2) the children be returned immediately, (3) a written statement of the charges against Naomi Johannes be provided, and (4) the § 1028 hearing be recommenced or that a fact finding hearing be commenced. A. Johannes Certif. ¶ 19; Cplt. ¶¶ 52-53, Cplt. Exhibits J, K.

By decision dated December 14, 2007, a Family Court judge denied plaintiff's motion for summary judgment and her motion to dismiss. Affidavit of Naomi Johannes in Support of Order to Show Cause for Preliminary Injunction and Temporary Restraining Order sworn to

---

[2]Plaintiff mistakenly allege's that the § 1028 hearing was discontinued on October 26, 2007 and refers to Exhibit F. Cplt. ¶ 41. There was a status conference on October 26, 2007. See Cplt. Exhibit F. The § 1028 hearing was discontinued on October 29, 2007. See Cplt., Exhibit G.

March 5, 2008 ("N. Johannes Aff.") ¶12;  Cplt. ¶ 58, Cplt. Exhibit O.  The Family Court judge also denied plaintiff's request to return the children.  The court granted plaintiff's application to commence a fact finding hearing, noting that  it is mandated by law, and held that the fact finding hearing rendered plaintiff's request for recommencement of the § 1028 hearing moot.  Id.

On December 18, 2007, plaintiff appealed the December 14, 2007 decision to the Appellate Division, First Department.  Cplt. Exhibit P.  Plaintiff's appeal also sought interim relief requesting recommencement of  the § 1028 hearing. Id. By order dated December 19, 2007, the Appellate Division granted plaintiff's application regarding resumption of the § 1028 hearing. A. Johannes Aff. ¶12-13; Cplt. ¶ 60, Cplt. Exhibit Q.  The hearing resumed on January 3, 2008. A. Johannes Aff. ¶ 14; Cplt. ¶ 61, Cplt. Exhibit R. During the hearing, plaintiff agreed that the children would be placed in the foster care of Nzinga Adams. Exhibit R at 4-5.  Plaintiff stated that she had no witnesses to call and requested an opportunity to submit a written summation and move for a directed verdict. Cplt. Exhibit R at 5-10.  The court denied plaintiff's request for written submission and the parties submitted their summations orally.  Cplt. ¶¶ 66-68, Cplt. Exhibit R at 10-19.

On January 7, 2008, the court issued a short form order remanding the children to ACS custody and directing that they reside with Nzinga Adams.  Cplt. Exhibit S.  The court also issued a Decision After Hearing Pursuant to FCA § 1028 dated January 7, 2008, finding "that those behaviors by the [plaintiff] put the child[ren] at imminent risk of physical and emotional harm. . . . Accordingly, [plaintiff's] application for the return of the children is denied.  Cplt. ¶¶ 69-74, Cplt. Exhibit T.

On January 7, 2008, all parties appeared before a Family Court judge. The Fact Finding Hearing "did not begin but was instead adjourned to March 11, 2008 for trial." Cplt. ¶ 76. On March 11, 2008, plaintiff requested an adjournment of the Fact Finding Hearing. A. Johannes Certif. ¶ 37. Plaintiff's request was denied by a Family Court judge. Id.

Pending final determination of the Family Court proceeding, and in accordance with the temporary placement arrangement agreed to by plaintiff, the children were delivered to Nzinga Adams' residence at 1462 Minford Place, Bronx, New York. Cplt. ¶¶ 77-78. Because plaintiff is not permitted to reside with the children, and she lived at 1462 Minford Place, ACS advised her to vacate the residence and find different housing accommodation. A. Johannes Certif. ¶ 27; N. Johannes Aff. ¶¶ 18-19; Cplt. ¶¶ 77-78, 127, Cplt. Exhibit U.

**Federal Complaint**

Plaintiff commenced this action by complaint dated March 7, 2008, seeking injunctions against all defendants and compensatory and punitive damages against all defendants. On March 13, 2008, this Court signed an Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order. This Order to Show Cause temporarily enjoined "the defendants" from "Continuing the proceedings in the Family Court Bronx, County, and/or any order issued and/or arising out of the proceedings in the Family Court, including but not limited to threatening to remove the infants from their home at 1462 Minford Place, Bronx, New York." Plaintiff now seeks a preliminary injunction, presumably extending the terms of the Order to Show Cause for the duration of this action, although the injunctive relief requested in the complaint differs from the Order to Show cause, seeking declaratory and injunctive relief (1) to enjoin defendants from preventing plaintiff from returning to her home at 1462 Minford Place, Bronx, New York; (2) to

enjoin ACS from threatening to remove the children from their home in retaliation for plaintiff's

return to the home; (3) to enjoin defendants from threatening plaintiff for refusing to engage in

the fraudulent practice of applying for funds and/or assistance to secure a place of residence

when she already has a home; (4) to enjoin defendants from threatening plaintiff for refusing to

submit to a psychological examination; and (5) to enjoin defendants from prohibiting family

members of the children from visiting and prohibiting the children from enjoying a normal

family relationship with other members of their family.   The complaint also seeks compensatory

and punitive damages, interest and attorney fees against all defendants.  See Cplt., Wherefore

Clause.

## ARGUMENT

### POINT I

### PLAINTIFF DOES NOT MEET THE STANDARD
### FOR A PRELIMINARY INJUNCTION

Plaintiff fails to meet the standard for preliminary injunctive relief.  A party seeking a

preliminary injunction "must show irreparable harm absent injunctive relief, and either a

likelihood of success on the merits, or a serious question going to the merits to make them a fair

ground for trial, with a balance of hardships tipping decidedly in plaintiff's favor."  Louis Vuitton

Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 113-14 (2d Cir. 2006).  A plaintiff who seeks

an injunction "alter[ing], rather than maintain[ing], the status quo," must meet the more rigorous

standard of demonstrating a "clear" or "substantial" showing of a likelihood  of success on the

merits. Tom Doherty Assocs., Inc. v. Saban Entm't, Inc., 60 F.3d 27, 33-34 (2d Cir. 1995). A

preliminary injunction is "an extraordinary and drastic remedy ... that should not be granted

unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).  In this case, plaintiff must meet the more rigorous standard and make a clear or substantial showing of likelihood of success because she seeks to alter the status quo by, in effect, reversing the January 7, 2008 Family Court decision, notwithstanding that the Family Court proceeding remains pending.

Irreparable harm exists where, "but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." Brenntag Int'l Chems. Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999).  "[T]the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir.1998), (internal citations and quotations omitted). See also Reuters Ltd. v. United Press Int'l, Inc., 903 F.2d 904, 907 (2d Cir. 1990).  Because plaintiff cannot demonstrate irreparable injury and, as set forth below, there is no likelihood that she will prevail in her claims against the State, any preliminary injunctive relief sought by plaintiff against the State should be denied

## POINT II

### THIS COURT LACKS JURISDICTION
### BASED YOUNGER ABSTENTION GROUNDS

Because there is a pending state court proceeding from which plaintiff can appeal, or as to which she may seek Article 78 relief, this federal action is barred by the Younger abstention doctrine. "Federal courts are generally required to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." Diamond "D"

Construction Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002), citing Younger v. Harris, 401 U.S. 37, 43-44 (1971).  See also Kaufman v. Kaye, 466 F.3d 83, 86-88 (2d Cir. 2006) (dismissal on abstention grounds is required where a federal court is asked to intrude into the internal workings of state courts). Younger abstention applies where the state proceedings are civil or administrative.  Huffman v. Pursue, Ltd., 420 U.S. 592 (1975); Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986); Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423 (1983); University Club v. City of New York, 842 F.2d 37 (2d Cir. 1988); Christ the King Regional High School v. Culvert, 815 F.2d 219, 223-24 (2d Cir.), cert. denied, 484 U.S. 830 (1987), and "rests foursquare on the notion" that a state proceeding constitutes a sufficient forum for the vindication of federal constitutional rights.  Diamond "D," supra, 282 F.3d at 198.  See also Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 12-13 (1987). Abstention is required: (1) where there is an ongoing state proceeding; (2) involving an important state interest and (3) where the plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the proceeding.  Christ The King, 815 F.2d at 224.  See also Hansel v. Town Court, 56 F.3d 391, 393 (2d Cir.), cert. denied, 516 U.S. 1012 (1995); Temple of the Lost Sheep, Inc. v. Abrams, 930 F.2d 178, 182 (2d Cir.), cert. denied, 534 U.S. 1128 (2002).

In University Club v. City of New York, 842 F. 2d 37, 40 (2d Cir. 1988) the Second Circuit held that the availability of Article 78 review of State proceedings satisfies the abstention requirement of sufficient opportunity for review of constitutional rights.  And in N.Y. State NOW v. Pataki, 261 F.3d 156, 168 (2d Cir. 2001) the Second Circuit recognized that in an Article 78 proceeding, New York State courts are empowered to issue "common law writs of

certiorari to review, mandamus, and prohibition."

All the conditions are satisfied for <u>Younger</u> abstention to apply here.  First, it is undisputed that there are on-going state proceedings.  Second, adjudication of family relations implicate an important state interest.  <u>See</u> <u>Moore v. Sims</u>, 442 U.S. 415, 435 (1979); <u>Nicholson v. Scoppetta</u>, 344 F.3d 154, 168 (2d Cir. 2003); <u>Lomtevas v. Cardozo</u>, No. 05 Civ. 2779, 2006 U.S. Dist. LEXIS 5820 at *10-11 (E.D.N.Y Jan. 31, 2006).  "It hardly bears repeating that state courts have a paramount if not exclusive interest in child custody cases. . . . In this narrow area of law, we should be especially careful to avoid unnecessary or untimely interference with the State's administration of its domestic policies." <u>Neustein v. Orbach</u>, 732 F. Supp. 333, 341 (E.D.N.Y. 1990)(citing <u>Mendez v. Heller</u>, 530 F.2d 457, 461 (2d Cir. 1976).  Finally, plaintiff may raise all of her claims, including her constitutional claims, in state court.  <u>See</u> <u>Kaufman v. Kaye</u>, 466 F.3d at 87-88 (abstention as regards ongoing state court proceedings is mandated because a federal plaintiff may raise his/her federal claims in the state proceedings and if (s)he is dissatisfied with the state court rulings may seek review through the New York Court of Appeals and the U.S. Supreme Court).

Abstention is mandated where a plaintiff "has 'an opportunity to raise and have timely decided by a competent state [court] tribunal' the constitutional claims at issue in the federal suit." <u>Spargo v. N.Y. State Comm'n on Judicial Conduct</u>, 351 F. 3d 65, 77 (2d Cir. 2003), <u>cert. denied</u>, 541 U.S. 1085 (2004)(quoting <u>Middlesex County Ethics Committee v. Garden State Bar Assoc.</u>, supra, 457 U.S. at 437). Plaintiff's claim that she has no adequate remedy in New York State courts "as said courts have repeatedly upheld these constitutional violations by the defendants," Cplt. ¶ 3,  actually defeats plaintiff's claims.  "The relevant question under

9

<u>Younger</u> is "whether the state's procedural remedies could provide the relief sought [not] . . . whether the state will provide" the constitutional ruling which the plaintiff seeks." <u>Spargo</u>, 351 F. 3d at 79.   Moreover, a would-be plaintiff who has been subjected to a state proceeding which he seeks to challenge in federal court must first exhaust all available state appellate remedies. <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 608 (1975); <u>Kirschner v. Klemons</u>, 225 F.3d 227, 234 (2d Cir. 2000).   Contrary to plaintiff's contentions, federal recourse is not available merely based on a belief that the plaintiff will not prevail in state court.   Abstention is required because "to avoid abstention, plaintiffs must demonstrate that state law bars the effective consideration of their constitutional claims," <u>Spargo</u>, 351 F. 3d at 78.

The basis for plaintiff's claims against the State is her disagreement with rulings by one or more Family Court judges in the pending Family Court proceeding. Plaintiff alleges that a Family Court judge ordered removal of the children without probable cause to believe they were in imminent danger, and without sufficiently investigating alternatives to removal, and that a Family Court judge impermissibly excused ACS' lack of reasonable efforts to investigate alternatives to removal.   Cplt. ¶ 87, 102.   She alleges that during the § 1028 hearing a Family Court judge denied her the opportunity to call an expert witness, thus limiting her defenses, Cplt. ¶¶ 38, 91, improperly shifted the burden to her, Cplt. ¶ 98, improperly credited an ACS witness, Cplt. ¶¶ 71-72, denied her an opportunity to submit a written summation, Cplt. ¶¶ 64, 91,  and "attempted to negate the 1028 hearing." Cplt.   ¶ 64.  Plaintiff further alleges that in its January 7, 2008 decision, the Family Court judge "overlooked and forgot to mention the fact that it had limited" plaintiff from presenting a defense and failed to mention several other facts too.  Cplt. ¶¶ 70-75.

In sum, plaintiff alleges that Family Court judges "prevented her from presenting a full and fair defense" during the § 1028 hearing, Cplt. ¶ 103, and proceeded on an assumption of threat which is allegedly an overall policy of the Family Court. Cplt. ¶¶ 110, 112. Plaintiff also alleges that a Family Court judge and the Law Guardian for the children breached their duties to the children, and failed to properly advocate for the best interests of the children. A. Johannes Certif. ¶¶ 30-34; Cplt. ¶¶ 131-132. All of these claims may be raised in the state court proceeding, and in appeals from rulings by Family Court judges. If plaintiff wishes to seek more emergent relief, she may endeavor to do so by a state court Article 78 proceeding. The injunctive relief sought herein by plaintiff as regards the State would be to enjoin the pending Family Court proceedings. Because this Court must decline to interfere with on-going state proceedings, it should deny plaintiff's request for a preliminary injunction against the State as regards these proceedings, and in fact should dismiss plaintiff's claims against the State in their entirety.

## POINT III

### PLAINTIFF'S §1983 CLAIMS CANNOT BE MAINTAINED AGAINST THE STATE

As noted above, no individual Family Court judge or other individual state official is a defendant herein, and as regards the State, the sole defendant is New York State. The State is not a "person" under §1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under §1983"); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) ("[n]either a state nor one of its agencies ... is a 'person' under §1983"). As a result, courts in this jurisdiction have uniformly dismissed §1983

claims asserted against state agencies and officials acting in their official capacity on these grounds.  See, e.g., Harris v. New York State Dep't of Health, 202 F. Supp. 2d 143, 178 (S.D.N.Y. 2002) (dismissing §1983 claims asserted against state agency because "neither the State nor its agencies qualify as 'persons' under §1983 ... [and] are not subject to suit under that statute"); Vega v. State Univ. of New York Bd. of Trustees, No. 97 Civ. 5767, 2000 U.S. Dist. LEXIS 4749, at *12 (S.D.N.Y. Apr. 12, 2000) (dismissing §1983 official capacity claims asserted against state officials because "state officials acting in their official capacities are not 'persons' for purposes of Section 1983 damages suits"), rev'd on other grounds, 273 F.3d 460 (2d Cir. 2001), cert. denied, 535 U.S. 1097 (2002).

**POINT IV**

**PLAINTIFF'S CLAIMS ARE
BARRED BY THE ELEVENTH AMENDMENT**

The immunity conferred by Eleventh Amendment to the U.S. Constitution "represents a real limitation on a federal court's federal-question jurisdiction," Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 270 (1997), and bars suit in federal court against a state or of its agencies or officials absent its consent to such a suit or an express statutory waiver of immunity.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984).  Plaintiff's claims against the State are based on acts by Family Court judges taken in their official capacities, and are barred by the Eleventh Amendment absent the State's unequivocal waiver of its sovereign immunity or an unequivocal abrogation of that immunity by Congress.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985) (a claim for damages against a state or state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment);

12

Pennhurst State Sch. & Hosp. v. Halderman, id at 100 (states, their agencies and departments of

the state are entitled to assert the state's Eleventh Amendment immunity).  The State of New

York has not consented to suit in federal court for § 1983 claims of the type alleged and it is

well-settled that  New York State and its agencies are protected from such suits by immunity

under the Eleventh Amendment, regardless of whether the relief sought from them is legal or

equitable in nature. See Dube v. State Univ. of New York, 900 F.2d 587, 594-95 (2d Cir. 1990).

**POINT V**

**THE INJUNCTIVE RELIEF SOUGHT BY
PLAINTIFF  IS NOT AVAILABLE UNDER § 1983**

The only acts ascribed by plaintiff to State actors are attributed to Family Court judges.

Even if a Family Court judge were named individually, the only injunctive relief which might

pertain as regards a State actor would be injunctive relief barring such judge(s) from continuing

the pending Family Court proceeding.  However, the 1993 amendments to §1983 expressly bar

such claims: " . . . except that in any action brought against a judicial officer for an act or

omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

declaratory decree was violated or declaratory relief was unavailable."  See e.g. Bhatia v.

Conway, No. 306 Civ. 1334, 2006 U.S. Dist. LEXIS 91396 at * 13-14 (D. CN Dec. 19, 2006)

(§1983 action for injunctive relief against state court judge arising from custody case is barred by

this 1993 amendment, citing Huminsky v. Corsones, 396 F.3d 53, 74 (2d Cir. 2006), and

Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999); Salem v. Pagones, No. 99 Civ. 2620, 2001

U.S. Dist. LEXIS 3644 at ** 22 (S.D.N.Y. March 7, 2001)  (§1983 action for injunctive against

state court judge arising from family estate dispute barred by 1993 amendments).  See also

13

Conway v. Garvey, 117 Fed. Appx. 792 (2d Cir. 2004)(summary order)(same). Because plaintiff

makes no claim that a declaratory decree was violated or that declaratory relief was unavailable,

her claim for injunctive relief against the State must fail.

**POINT VI**

**PLAINTIFF'S DAMAGES CLAIMS ARE
BARRED BY JUDICIAL IMMUNITY**

As discussed above, the sole basis for plaintiff's claims against the State are for acts

performed by Family Court judges in conducting judicial proceedings. However, under the

doctrine of absolute judicial immunity, a judge is not monetarily liable for acts done in the

exercise of his/her judicial function. "Few doctrines were more solidly established at common

law than the immunity of judges from liability for damages for acts committed within their

judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher,

13 Wall. 35 (1872)." Pierson v. Ray, 386 U.S. 547, 553-554 (1967); see also Mireles v. Waco,

502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Tucker v. Outwater, 118 F.3d 930,

932 (2d Cir. 1997). The only prerequisites to judicial immunity are that the judge not act in the

clear absence of all jurisdiction and that he/she be performing a judicial act or one which is

judicial in nature. Mireles, 502 U.S. at 11-12; Stump, 435 U.S. at 359, 362; Pierson, 386 U.S. at

553-54.

Notwithstanding that no individual judges are named in the complaint, the operative facts

are based on alleged acts and omissions by one or more Family Court judges which were

indisputably taken in the course of conducting judicial proceedings. Therefore the actions qualify

as judicial acts and the damages claims thus are barred by judicial immunity. See Huminsky,

14

supra, 396 F.3d at 75 ( " . . . if the relevant action is judicial in nature, the judge is immune so long as it was not taken in the complete absence of jurisdiction.")

<u>**Conclusion**</u>

For the reasons set forth above, State respectfully requests that this Court deny plaintiff's request for a preliminary injunction and grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
　　　　April 7, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the
　State of New York
<u>Attorney for State Defendant</u>
By:
　　　　　　/s/
_____
AMY L. ABRAMOWITZ (AA 5169)
Assistant Attorney General
120 Broadway
New York, New York 10271
(212) 416-8599/8610

AMY L. ABRAMOWITZ
Assistant Attorney General
　<u>of Counsel</u>

15